UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> v. </br></br> EAGLE EYES TRAFFIC INDUSTRIAL CO., LTD.; </br> E-LITE AUTOMOTIVE, INC.; </br> HOMY HONG-MING HSU; and </br> YU-CHU LIN, aka David Lin, </br></br> Defendants. | No. CR 11-0488 RS </br></br> STIPULATED INTERIM </br> PROTECTIVE ORDER |

WHEREAS a superseding indictment has been returned in the above-captioned criminal case and defendants EAGLE EYES TRAFFIC INDUSTRIAL CO., LTD.; E-LITE AUTOMOTIVE, INC.; and HOMY HONG-MING HSU have appeared to answer the charges (collectively, the "Defendants");

WHEREAS the United States and the Defendants have a duty to provide discovery in this matter;

WHEREAS during the course of such discovery, some of the documents produced by the United States or the Defendants may contain information that could be considered to be confidential information, proprietary information, "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) or grand jury material, including but not limited to information and material belonging to third parties;

WHEREAS the United States and the Defendants deem it appropriate to provide for the protection of such Confidential Material in a Stipulated Interim Protective Order, (a) with the understanding that nothing herein constitutes any agreement or creates any presumption regarding whether any designated Confidential Material is in fact eligible for protection from disclosure, such as in fact constituting "trade secret" information within the meaning of 18 U.S.C. § 1839(3); (b) with the understanding that nothing herein shall be deemed to serve as a basis or precedent regarding the appropriateness of a protective order with respect to materials that may be subpoenaed from third parties in the future by the Defendants or the United States; and (c) preserving the rights of the United States and the Defendants to challenge any designations of Confidential Material at a later time;

WHEREAS the United States and the Defendants wish to begin the process of allowing each other to become familiar with the Confidential Material, the United States and Defendants have agreed to this Stipulated Interim Protective Order superseding a similar order entered by the Court on August 19, 2011, with the understanding that it may be subsequently modified in such a way as the United States and the Defendants may agree, or in the absence of such agreement, as the Court may order;

Accordingly,

IT IS HEREBY STIPULATED AND AGREED by and between the United States and the Defendants, and their respective counsel, that the following definitions and procedures will govern the designation and handling of Confidential Material received by the Defendants from the United States and by the United States from the Defendants, while reserving for a future

//

time the question of how such materials and information shall be handled during pre- or post-trial hearings and at trial.

1. Definitions:

a. The "Parties" or "Party" shall refer to the United States and the Defendants, and their counsel.

b. "Confidential Material" shall mean the following Discovery Material: information that the Parties contend has been kept secret, is confidential or proprietary information, is a trade secret within the meaning of 18 U.S.C. § 1839(3), or is grand jury material, including but not limited to (a) transcripts of grand jury testimony, (b) immunity or leniency agreements, (c) reports prepared by federal law enforcement agents and employees such as Federal Bureau of Investigation Forms 302 and witness interview memoranda, and (d) documents produced pursuant to, or voluntarily in lieu of, a grand jury subpoena;

c. "Discovery Material" shall mean all materials received by the Defendants from the United States or received by the United States from the Defendants pursuant to their respective discovery obligations in the above-captioned case.

2. Each Party shall designate in writing Discovery Material it produces, or has produced, as Confidential Material to the extent that the Party believes in good faith that the information or material is Confidential Material as defined in ¶ 1(b) above. Whenever possible, the Parties shall indicate whether particular items of Discovery Material are being designated as Confidential Material at the time that such Discovery Material is produced. Computer memory storage materials such as diskettes, hard drives, or other memory media containing Discovery Material deemed by the Parties to be Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL." The Parties shall maintain unlabeled, or "clean," copies of any Discovery Material that it has labeled "CONFIDENTIAL" under this Stipulated Interim Protective Order for the future use by the Parties in subsequent proceedings.

//

3. Confidential Material produced by the United States and provided to defendants may be disclosed to each individual defendant, to the attorneys and officers of the corporate defendants responsible for overseeing or making decisions with respect to this lawsuit, to each defendant's attorney, and to personnel working on this case under the direction of such attorney, including but not limited to employees and other attorneys in such attorney's law office, interpreters, translators, investigators, paralegals, and secretarial and clerical staff.  This prohibition does not extend to the Party's showing of Confidential Material to potential witnesses and their counsel, provided that those witnesses do not retain the Confidential Material, unless the document was obtained from that witness.  In the event that the Parties wish to consult or retain an expert regarding these Confidential Materials, the procedure for doing so is addressed in ¶ 8 of this Stipulated Interim Protective Order.  All such Confidential Material shall be used solely for the purpose of conducting pretrial, trial and appellate proceedings in this case and for no other purposes whatsoever, and shall not be used for the economic benefit of any Party or for the benefit of any third party.

4. Before a Party may disclose Confidential Material that it has received as Discovery Material to anyone other than an individual described herein in paragraphs 3 or 8, counsel for the Party seeking to disclose must provide written notice to the other Party ("Notice of Intent to Disclose") at least seven business days ("business days" as used herein being exclusive of weekends and Federal holidays) in advance of disclosure in order to provide the other Party with an opportunity to object.  If an objection is made, the Party seeking to disclose shall have five business days to respond.  If no agreement is reached between the Parties, the Party seeking to disclose may apply to the Court for appropriate relief, with copies of such motion being served on counsel for the other Party.  Any such application or supporting document shall be filed under seal.  The Party seeking to disclose may include as an attachment to such a motion an explanation by any third party possessing a proprietary interest in the confidential material articulating any concerns that that person may have with the disclosure of Confidential Material.  Once an objection has been made, no Confidential

Material may be disclosed unless and until the objection has been resolved or ruled upon by the Court.

5. Absent further order of this Court, the recipient of any Confidential Material produced as Discovery Material shall not further disclose such Confidential Material to any individual or entity, other than to an individual or entity described herein in paragraphs 3 or 8. Should the Defendants or the United States receive a subpoena, document request, civil investigative demand, or like request as part of a judicial or administrative proceeding, such Party shall provide written notice within seven business days to the other Party. The Parties shall meet and confer regarding an agreed-upon response to such request. If no agreement is reached, the Parties may independently apply to the Court for appropriate relief. The recipient of any Confidential Material that is provided under this Stipulated Interim Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

6. Nothing herein shall prevent the Parties from using, referring to, or reciting from the Confidential Materials any information contained in such Confidential Material in connection with pleadings or motions filed in this case. When made an exhibit or attachment in connection with pleadings or motions filed in this case, Confidential Material need not be filed under seal, unless otherwise ordered by the Court.

7. Should either of the Parties dispute the propriety of any designation of Discovery Material as Confidential Material, that Party shall serve notice in writing on the Party that produced the discovery. Within seven business days of receiving the notice, that Party shall respond to the notice in writing. If, after seven business days from the date the response is served, the Parties are unable to resolve their dispute, either the United States or the Defendants may apply to the Court for resolution. Any such dispute or pendency of such motion shall not be grounds for a refusal to produce Confidential Materials. During the pendency of the dispute and any court resolution thereof, including but not limited to an

appeal of the Court's decision on such motion, the designated Confidential Material should be treated as Confidential Material and shall be covered by the provisions of this Stipulated Interim Protective Order. The Parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial discovery, the recipient of material designated as "confidential" may choose not to formally challenge the producing Parties' "confidential" designation at this stage of the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver of either the ability to challenge that confidential designation or the ability to contest that certain portions of designated confidential material constitute Confidential Material.

8. To assist in reviewing the Confidential Material and preparing for trial, any expert or consultant retained by any Party at any time shall execute an Acknowledgment (attached herein), which shall be retained by counsel for the Party. The opposing Parties will not be provided with a copy of the Acknowledgment(s) signed by the expert(s) or consultant(s), and the identity of the expert(s) shall not be disclosed except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure. The Parties retain the right to request that the Court authorize disclosure of such Acknowledgement(s). Nothing in this paragraph relieves any Party of the discovery obligations contained in the Federal Rule of Criminal Procedure, nor does any Party waive any rights thereunder by entering into this Stipulation.

9. The Discovery Material that a Party receives shall not be used in any civil litigation, unless such material was produced or received in such civil litigation. Furthermore, except as provided herein, the Discovery Material received by Defendants shall not be provided to anyone who is not a Party to this Stipulated Interim Protective Order, including but not limited to any person who is, or subsequently becomes, a co-defendant in CR 11-0488 RS.

10. None of the individuals or entities that may have instituted civil actions for damages for asserted aftermarket auto lights collusion is a Party to the above-captioned case.

Where this Stipulated Interim Protective Order requires the service of notice on an opposing party, this requirement does not include the service of notice on such individuals or entities, or any other third party.

11. At the conclusion of the above-captioned case (including but not limited to any post-trial proceedings, appeal or habeas petitions), the Parties agree to either destroy all Discovery Material or return the Discovery Material to the producing Party, except as otherwise directed by the Court.

12. By signing and agreeing to this Stipulated Interim Protective Order, no party shall be deemed to have conceded that any Discovery Material has been properly designated as Confidential Material. Moreover, failure of a party to designate Discovery Material as Confidential Material at the time of production shall not be deemed a waiver of the party's ability to argue at a later time that the Discovery Material in fact is Confidential Material.

13. Nothing in this Stipulated Interim Protective Order shall preclude any Party from applying to the Court for further relief or modification. The Parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial discovery and is not a concession by any Party that a "confidential" designation or the terms of this stipulated order would be appropriate should the case proceed beyond pretrial discovery.

14. Nothing in this Stipulated Interim Protective Order shall prevent disclosure beyond the terms of this Stipulated Interim Protective Order if the Parties consent in writing to such disclosure, or if such disclosure is ordered by the Court.

15. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court or any other sanction or combinations of sanctions that are legally available.

//
//
//
//

IT IS SO STIPULATED.

DATED: December 28, 2011        /s/ HOWARD J. PARKER
                                JACKLIN CHOU LEM (CA Bar No. 255293)
                                MAY LEE HEYE (CA Bar No. 209366)
                                HOWARD J. PARKER (WA Bar No. 07233)
                                KELSEY C. LINNETT (CA Bar No. 274547)
                                Antitrust Division
                                U.S. Department of Justice
                                450 Golden Gate Avenue
                                Box 36046, Room 10-0101
                                San Francisco, CA 94102
                                Telephone: (415) 436-6660; Fax: (415) 436-6687
                                Email: jacklin.lem@usdoj.gov

                                Attorneys for the United States

IT IS SO STIPULATED.

DATED: December 28, 2011        /s/
                                BECKY WALKER JAMES
                                Attorney for Defendant Homy Hong-Ming Hsu

IT IS SO STIPULATED.

DATED: December 28, 2011        /s/
                                KENNETH JULIAN
                                Attorney for Defendants Eagle Eyes Traffic
                                Industrial Co., Ltd. and E-Lite
                                Automotive, Inc.

IT IS SO ORDERED.

DATED:   12/28/11               _____
                                THE HONORABLE RICHARD SEEBORG
                                United States District Judge

STIPULATED INTERIM PROTECTIVE ORDER
CR 11-0488 RS                        8

# ACKNOWLEDGMENT OF STIPULATED INTERIM

# PROTECTED ORDER IN:

# UNITED STATES v. EAGLE EYES TRAFFIC INDUSTRIAL CO., LTD.

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in <u>United States V. Eagle Eyes Traffic Industrial Co., Ltd.</u>, CR 11-0488 RS (N.D. CA), has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

                                 _____
                                           Signature

                                 _____
                                        Street Address

                                 _____
                                 City, State, and Zip Code

                                 _____
                              Area Code/Telephone Number